■ J.O.P. CONSULTING GROUP, L. L. C., Appellant, v McCAWLEY PRECISION MACHINE CORPORATION, Respondent. [707 NYS2d 102] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered March 26, 1999, dismissing the complaint pursuant to an order which, in an action to recover a finder's fee, granted defendant's motion for summary judgment, unanimously affirmed, without costs.

The parties' agreement provided that plaintiff "is acting as [defendant's] agent in connection with the possible acquisition, by [defendant] or one of its affiliates, of a business to be identified by [plaintiff]," and that defendant would pay plaintiff a 5% commission upon consummation of any such acquisition. For purposes of defendant's motion for summary judgment, it appears that plaintiff brought to defendant's attention a prospect for acquisition, that defendant turned that information over to another company with which it had a longstanding business relationship, that the other company acquired the prospect, and that after the acquisition defendant's dealings with the other company were significantly enhanced with, among other things, an exclusive manufacturer's agreement. It further appears that plaintiff was made aware of the other company's interest in acquiring the prospect, and indeed facilitated the transaction, objecting to it, for reasons not entirely clear, only when told that the acquired company, rather than defendant, would pay its finder's fee. Plaintiff argues that defendant is liable for payment of its fee because defendant used the information plaintiff gave it to bring about a third-party acquisition that was more advantageous to it than a direct acquisition would have been, and also because a duty of confidentiality was an implied term of the parties' contract. We reject these arguments. The parties' relationship was not inherently one of trust and confidence (*see, Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 160, 164-165). The parties' agreement did not contain a confidentiality clause and should not be reformed so as to include one (*see, supra*). It is undisputed that the acquiring company was not affiliated with or controlled by defendant, and, notwithstanding defendant's post-acquisition lucrative dealings with the acquiring company, defendant cannot be deemed the de facto purchaser or otherwise treated as the acquiring company's alter ego in the transaction. Certainly, no matter how carefully structured the acquisition might have been to further defendant's interests, there is no basis for infer-

ring that the purpose of any such structuring was to avoid plaintiff's receipt of a fee. We have considered plaintiff's other arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Rubin and Buckley, JJ.